(May 17, 2000)

■ In the Matter of WILLIAM B. JENSEN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [707 NYS2d 702] —Per Curiam. Respondent was admitted to practice by this Court in 1976. He resides in Delmar, Albany County, and is employed by the New York State Teachers' Retirement System.

On July 29, 1997, respondent was convicted of criminal impersonation in the second degree, a class A misdemeanor (Penal Law § 190.25 [1]) in Glens Falls City Court. He was sentenced to three years' probation and restitution in the amount of $477.75. The conviction arose out of charges that respondent had used an alias at Glens Falls Hospital emergency room to obtain a prescription for a pain reliever. Respondent failed to advise this Court of his conviction as required by Judiciary Law § 90 (4) (c) and petitioner Committee on Professional Standards just recently became aware of it.

Petitioner now moves to suspend respondent from practice because of his conviction of a serious crime until such time as a final disciplinary order is made (*see*, Judiciary Law § 90 [4] [f], [g]). Respondent opposes the motion. He also requests an extension of the statutory 30-day period to file the record of his conviction and a hearing pursuant to Judiciary Law § 90 (4) (h). Under the circumstances presented, we deny the request for an extension. The request for a hearing is also denied without prejudice to renewal upon the Court's consideration of the final disciplinary order (*see*, Judiciary Law § 90 [4] [h]).

In view of respondent's conviction of a serious crime, his professional misconduct in failing to report it to this Court as required by Judiciary Law § 90 (4) (c), and his current admission to a treatment program in Florida while on leave of

absence from his employment, we grant petitioner's motion and suspend respondent from practice until a final disciplinary order is made in this matter. We further direct petitioner, within thirty days of respondent's discharge from the Florida facility, to submit an order requiring respondent to show cause why a final disciplinary order should not be made.

Mercure, J. P., Crew III, Graffeo, Rose, and Lahtinen, JJ., concur. Ordered that petitioner's motion is granted; and it is further, ordered that respondent is suspended from practice, effective immediately, until a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g), and until further order of this Court; and it is further, ordered that respondent, for the period of his suspension, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is forbidden from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority and from giving to another of an opinion as to the law or its application, or of any advice in relation thereto; and it is further, ordered that respondent shall comply with the provisions of this Court's rule (22 NYCRR 806.9) regulating the conduct of suspended attorneys; and it is further, ordered that petitioner, within 30 days of respondent's discharge from the Florida treatment facility, shall submit an order requiring respondent to show cause why a final order of suspension, censure or removal from office should not be made pursuant to Judiciary Law § 90 (4) (g).